IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT L. SMITH                                                                                                   PLAINTIFF

V.                       CASE NO. 4:16-CV-00084 BSM-JTK

CAROLYN W. COLVIN, *Acting Commissioner*,
Social Security Administration                                                           DEFENDANT

## **PROPOSED FINDINGS AND RECOMMENDATION**

**Instructions.** The following recommended disposition was prepared for Chief United States District Judge Brian S. Miller. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 (fourteen) days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 (fourteen) days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Miller may adopt the recommended disposition without independently reviewing all of the record evidence.

**Disposition.** Pending is Defendant's Motion to Dismiss (DE #7). At the Court's direction, Plaintiff filed a Response in which he did not object to Defendant's Motion to

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

Dismiss (DE #10). For the reasons that follow, the undersigned recommends that the Motion to Dismiss is granted.

On June 27, 2014, the Administrative Law Judge (ALJ) issued an unfavorable decision denying Plaintiff's application for disability benefits. The Appeals Council subsequently denied Plaintiff's request for review of the ALJ's decision on December 4, 2015. This denial rendered the ALJ's decision the "final decision" of the Commissioner. *See* 20 C.F.R. §§ 404.981; 416.1481. Plaintiff had sixty days after the date he received the Appeals Council action to file his complaint in federal district court. *Id.*

Defendant asserts that Plaintiff's action should be dismissed as it was filed more than sixty (60) days after receipt of the Appeals Council's action. Defendant further asserts that it is not aware of any request by Plaintiff for an extension of time to file this civil action.

The Social Security Act provides as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . , may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Generally, receipt of notice "is presumed five days after the date of notice, unless there is a reasonable showing to the contrary; and that notice sent to the individual's representative has the same force and effect as notice sent to the individual." *Bess v. Barnhart*, 337 F.3d 988, 989-90 (8th Cir. 2003) (per curiam); *see* 20 C.F.R. §§ 404.901; 416.1401. Receipt of notice "by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period." *Bess*, 337 F.3d at 990.

The United States Supreme Court has established that the sixty-day time period is not jurisdictional, but rather constitutes a statute of limitation. *Bowen v. City of New York*, 476 U.S.

478 (1986) (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975)). "[T]he statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Id.* at 481. It is well-established that failure to comply with the sixty-day limitation warrants dismissal. *See Bess, supra*; *Turner v. Bowen*, 862 F.2d 708 (8th Cir. 1988).

In this case, on December 4, 2015, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, presuming he received the letter five days later, on December 9, 2015, Plaintiff had until February 8, 2016, to file a civil action.[3] Plaintiff did not file his complaint until February 17, 2016. Therefore, it was untimely.

Based on this information, the Court finds that Defendant's Motion to Dismiss (DE #7) should be granted.

SO ORDERED this 27th day of July, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Sixty days from December 9, 2015, is February 7, 2016, which was a Sunday. Receipt is presumed to be the next business day.